# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAMIEN D. BROWN,

        Petitioner,    :    Case No. 3:14-cv-036

- vs -                      District Judge Walter Herbert Rice
                                   Magistrate Judge Michael R. Merz

WARDEN, Warren Correctional Institution,

                                   :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 4) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed with prejudice (Doc. No. 2).  District Judge Rice has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (Recommittal Order, Doc. No. 5).

Brown pleads two grounds for relief:

    **Ground One:**  Ineffectiveness of Trial Counsel

    **Supporting Facts:**  When the prosecutor engaged in misconduct without objection from trial counsel.

    **Ground Two:**  Ineffectiveness of Appellate Counsel

    **Supporting Facts:**  Appellate counsel on direct appeal and discretionary appeal failed to assign as errors the matters that violated Petitioner's federal constitutional rights to a fair trial and effective counsel under the Sixth and Fourteenth Amendments.

(Petition, Doc. No. 1, PageID 5, 7.)

1

Brown's First Assignment of Error on direct appeal was "COLLECTIVE COMMENTS BY THE PROSECUTOR DURING VOIR DIRE, TESTIMONY, AND CLOSING ARGUMENT REPRESENTED MISCONDUCT AND SERVED TO DENY APPELLANT DUE PROCESS." *State v. Brown*, 2012-Ohio-1848, ¶ 12, 2012 Ohio App. LEXIS 1625 (2nd Dist. Apr. 27, 2012).  The court of appeals found this Assignment of Error was procedurally defaulted by failure of trial counsel to object.  The court of appeals held those failures against Brown and reviewed the First Assignment only for plain error.  *Id.*  at ¶ 15.  Its opinion finding no plain error is quoted at length in the original Report (Doc. No. 2, PageID 16-20).

Brown's First Ground for Relief in this Court is that his trial attorney provided ineffective assistance of trial counsel when he did not object to these instances of prosecutorial misconduct. The Magistrate Judge recommended dismissal of this claim on the merits because the court of appeals

> nowhere indicated it found error that would have resulted in a reversal but just was not bad enough to be plain error. In the absence of any misconduct which would have resulted in a reversal if there had been an objection, trial counsel cannot have been ineffective for failure to make an objection. *Strickland v. Washington,* 466 U.S. 668 (1984).

(Report, Doc. No. 2, PageID 20.)  That is, even though the trial attorney did not object to these various instances of asserted prosecutorial misconduct, that failure did not make any difference to the outcome of the case because the court of appeals found no objectionable prosecutorial misconduct.  In order to prevail on a claim of ineffective assistance of trial counsel, a habeas petitioner must show both that his attorney performed deficiently and that he was prejudiced by that deficient performance.  *Strickland, supra.*  The court of appeals' findings preclude Brown's ineffective assistance of trial counsel claim.

Apart from the analysis made in the original Report, this claim of ineffective assistance of trial counsel is also procedurally defaulted because it was never presented to the state courts. That defect is addressed by Brown in his Second Ground for Relief in which he criticizes his appellate attorney for not raising this claim. Ineffective assistance of appellate counsel can act to excuse a failure to raise an ineffective assistance of trial counsel claim on direct appeal, but the ineffective assistance of appellate counsel claim must also be presented to the state courts. *Edwards v. Carpenter*, 529 U.S. 446 (2000). As noted in the original Report, Ohio has a procedure for raising claims of ineffective assistance of appellate counsel, to wit, an application to the court of appeals under Ohio R. App. P. 26(B), which Brown never used (Report, Doc. No. 2, PageID 21).

Brown relies heavily on the dissenting opinion of Judge Thomas Grady in this case. Judge Grady's opinion criticizes the trial court for what he regards as errors in the omission of extrinsic evidence under Ohio R. Evid. 404. *State v. Brown, supra*, at ¶¶ 63-67. Judge Grady offers no opinion on the claim of prosecutorial misconduct made in Assignment of Error One; instead, his dissent is directed to the Second Assignment of Error which claimed "THE TRIAL COURT ABUSED ITS DISCRETION IN MISAPPLYING OHIO RULE OF EVIDENCE 404 AND ADMITTING TESTIMONY MORE PREJUDICIAL THAN PROBATIVE." *Id.* at ¶ 29.

The decision of the Second District Court of Appeals that there was no prosecutorial misconduct necessarily implies that there was no ineffective assistance of trial counsel in failing to object to any of the prosecutor's conduct and therefore no ineffective assistance of appellate counsel in failing to claim ineffective assistance of trial counsel on appeal. Because the decision of the Second District is not an objectively unreasonable application of clearly established Supreme Court precedent on prosecutorial misconduct, it is entitled to deference under 28 U.S.C.

§ 2254(d)(1).  See, most recently, *White v. Woodall*, 572 U.S. ___, 2014 U.S. LEXIS 2935, 8-9 (2014).  Moreover, the two grounds for relief are procedurally defaulted because neither was presented to the Ohio courts in the manner required by Ohio law.  The Petition should therefore be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

April 28, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).